NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 15-345 consolidated with CA 15-346

TOMMY DUBOIS, ET UX.

VERSUS

GORDON ARMSTRONG, ET AL.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74,089 & 74,090, DIV. C
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of, Judges Elizabeth A. Pickett, Billy H. Ezell and Phyllis M. Keaty.

MOTION TO REMAND DENIED.

Robert A. Mahtook, Jr.
Mahtook & LaFleur
Post Office Box 3089
Lafayette, LA 70502-3089
(337) 266-2189
COUNSEL FOR DEFENDANTS/APPELLEES:
    Scottsdale Insurance Co.

**SMI Group, Inc.**

**D. Patrick Daniel, Jr.**
**Attorney at Law**
**Post Office Box 37369**
**Houston, TX 77237**
**(337) 232-7516**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Tommy Dubois**
**Tammy Dubois**

**EZELL, Judge.**

The defendants-appellees, Scottsdale Insurance Company and SMI Group, Inc., filed a Motion to Remand in this court. By this motion, the defendants seek to have this court remand these appeals in order to permit the trial court to hold a contradictory hearing on the defendants' traversal of the pauper status granted to the plaintiffs-appellants, Tammy and Tommy Dubois. For the reasons expressed below, we deny the motion to remand.

By order of the trial court, the plaintiffs were granted pauper status in the prosecution of their suit. Following a trial on the merits of these suits, the jury returned a verdict in favor of Tammy Dubois for $245,888.43. The trial court subsequently granted a motion for judgment notwithstanding the verdict and reduced the amount awarded Mrs. Dubois to $211,029.09. Plaintiffs filed for devolutive appeals.[1]

The defendants have filed the motion *sub judice* asserting that they want to traverse the plaintiffs' pauper order. The defendants contend that they unconditionally tendered payment of the appealed judgment and the interest on this judgment in two separate checks, the former in the amount of $211,029.09 and the latter in the amount of $98,023.01. The defendants state that these amounts were tendered in an attempt to stop the running of interest on the judgment. The defendants argue that they are entitled to a remand of these appeals so that they can have a contradictory hearing to show that, even though the plaintiffs' counsel has refused to accept the unconditional tender of these payments, the plaintiffs' pauper status should be revoked because these amounts are readily available for the

---

[1] Although Tommy Dubois' claims were dismissed prior to the trial by the trial court's judgment signed May 6, 2014, the order of appeal signed by the trial court grants an appeal to both Tammy and Tommy Dubois.

plaintiffs to accept. Thus, the defendants contend that the plaintiffs' financial condition has significantly changed since the trial court granted their pauper order.

Despite the defendants' contention that the payments to the plaintiffs were submitted unconditionally, the defendants state in their motion to remand, "The documents were hand-delivered to the office of Plaintiffs' counsel, who refused to accept them and refused to execute the Satisfaction of Judgment." Footnote omitted. The jurisprudence of this state is consistent in its interpretation of what constitutes an unconditional tender. Thus, in *Jones v. Johnson*, 45,847, p. 15 (La.App. 2 Cir. 12/15/10), 56 So.3d 1016, 1023 (citation omitted), the court stated, "Unconditional simply means that the insurer cannot place conditions on the tender, such as requiring a release or limiting the use of the funds." In the instant case, the letter sent with the checks and the statements by the defendants in their motion to remand filed in this court show that the tender was conditioned on the plaintiffs executing a Satisfaction of Judgment. By definition, then, this was not an unconditional tender, and we deny the motion to remand at the defendants' cost. Since this court finds that no unconditional tender has been made to the plaintiffs, we find that this court does not need to reach the issue of whether a remand would have been necessary had an unconditional tender been made.

**MOTION TO REMAND DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.